IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 10, 2007

**MADISON COUNTY, TENNESSEE**
v.
**DEE ANN CULBREATH, et al.**
AND
**CITY OF JACKSON, INTERVENOR**

**An Appeal from the Chancery Court for Madison County**
**No. R.D. 63850     James F. Butler, Chancellor**

---

**No. W2006-01910-COA-R3-CV - Filed April 19, 2007**

---

This is a declaratory judgment action. The plaintiff county filed the instant lawsuit seeking a declaration that the defendant county library board of trustees has no authority under the pertinent Tennessee statute to contract with private entities for the management of the local library. The city intervened, arguing that the library board had the authority under the statute to enter into such contracts. Upon stipulated facts, the trial court held that the statute at issue authorizes the library board to contract with private entities for the management of the county library. The county now appeals. We affirm, concluding that the authority conferred upon the county library board in Tennessee Code Annotated § 10-3-104 includes the authority to enter into private contracts for the management of the local library.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

C. Jerome Teel, Jr., Jackson, Tennessee, for the appellant, Madison County, Tennessee.

Russell E. Reviere, Jackson, Tennessee, for the appellees, Dee Ann Culbreath, William Stanworth Harris, Greg Milam, Robert Huffman, Mary Louise William Slack, Kathryn Johnson Swindle, and Dr. Sharon Younger, in their official capacities as Jackson-Madison County Library Board of Trustees.

J. Brandon McWherter and Lewis L. Cobb, Jackson, Tennessee, for the appellee-intervenor, City of Jackson, Tennessee.

**OPINION**

Sometime prior to April 2006, Defendant/Appellee Jackson-Madison County Library Board of Trustees ("the Board")[1] published a "Request for Proposal" seeking bids from private entities to manage the Jackson-Madison County Library ("the Library"). Plaintiff/Appellant Madison County, Tennessee ("the County"), was opposed to the Board privatizing the management of the Library. Therefore, on April 20, 2006, the County filed the instant complaint for declaratory judgment and injunctive relief against the Board members in their official capacities, seeking a declaration from the trial court that Tennessee Code Annotated § 10-3-104 does not confer upon the Board the authority to contract with a private entity for the management of a public library. That statute provides:

> The members of the library board shall organize by electing officers and adopting bylaws and regulations. ***The board has the power to direct all the affairs of the library***, including appointment of a librarian who shall direct the internal affairs of the library, and such assistants or employees as may be necessary. It may make and enforce rules and regulations and establish branches of travel service at its discretion. It may expend funds for the special training and formal education of library personnel; provided, that such personnel shall agree to work in the library for at least two (2) years after completion of such training and education. It may receive donations, devises and bequests to be used by it directly for library purposes. It may hold and convey realty and personal property and negotiate leases for and on behalf of such library. The library board shall furnish to the state library agency such statistics and information as may be required, and shall make annual reports to the county legislative body and/or city governing body.

T.C.A. § 10-3-104 (1999) (emphasis added). The County also sought and obtained an order enjoining the Board from taking further action in pursuit of such a private contract.

In June 2006, Appellee City of Jackson ("the City") filed a motion to intervene in the case. The City filed a memorandum of law in support of the Board's position that the statute grants to the Board the power to contract with a private entity for the management of the Library.

On July 14, 2006, prior to a hearing on the County's complaint, the City and the County submitted to the trial court a stipulation of the pertinent facts. The stipulated facts are as follows:

> 1. Prior to February 1, 1960, the City of Jackson ("the City") and Madison County (the "County") operated separate free public libraries.

---

[1]The seven trustees are Dee Ann Culbreath, William Stanworth Harris, Greg Milam, Robert Huffman, Mary Louise William Slack, Kathryn Johnson Swindle, and Dr. Sharon Younger.

-2-

2. Effective February 1, 1960, the City and the County entered into an Agreement to operate a single library supported jointly by the City and the County (the "Agreement").

3. The Agreement provided that the City and the County would jointly fund the operation of the Jackson-Madison County Free Public Library (the "Library"). The Agreement also provided that the City shall appoint a Library Board of seven (7) members with three (3) members of the Board being approved by the County Judge [Mayor] of the County.

4. The City and County entered into an Agreement dated December 18, 1986, which provided for the sharing of certain departments' administrative expenses. . . . The 1986 Agreement described how the City and County would pay for their share of administrative expenses of various departments, including the Library.

5. The 1986 Agreement was modified by an Agreement dated February 21, 1989. . . . This Agreement provided that the County would be responsible for paying the entire expense of the departments identified in the Agreement (which included the Library), and the City would pay to the County one-half of the total appropriations made to the agencies and departments identified in the Agreement.

6. On February 21, 1995, the 1986 Agreement was again amended to accommodate the creation of a Joint Funding Agreement Committee comprised of three members of the City Council and three members of the County Commission. . . .

7. In April/May of 1998, the City and County entered into another Joint Funding Agreement. . . .

8. In its October 2002 meeting, the Library Board adopted By-Laws for the Board of Trustees of the Jackson/Madison County Library. . . .

9. The powers and duties of the Library Board are codified at T.C.A. § 10-3-104.

10. The Library Board has published a Request for Proposal seeking bids from private entities for the management of the Library. The Library Board has not yet voted on whether to award a contract to a private entity for the management of the Library.

Thus, from the stipulated facts, it is clear that the County and the City jointly fund the operation of the Library, and that the Board, appointed by the City and approved by the County, possesses the powers and duties codified at Tennessee Code Annotated § 10-3-104.

The parties indicated to the trial court that no hearing on the County's complaint was necessary, and that the trial court could rule on the merits of the complaint based on the stipulated facts and the parties' memoranda. Accordingly, on July 31, 2006, the trial judge sent the parties an opinion letter in which he concluded that, under the plain language of section 10-3-104, the Board was authorized to enter into contracts relative to the operation of the library. The trial court reasoned that, once the Board is appointed, it is autonomous and operates independently from the appointing authority. The trial court found that the language in section 10-3-104 is clear, and that it gives the Board "the power to direct all affairs of the Library," along with a nonexhaustive list of specific authorized actions. The authority provided in the statute, the trial court determined, includes "the

power and authority to contract with a private entity for the management of the Library." The trial court stated:

> The language of the statutes does not appear to be ambiguous. Thus, the Court is limited to the plain meaning of the statutory language. The Court should restrict itself to the natural and ordinary meaning of the language used by the Legislature in the statute and this Court has done that. There are no other statutes in this section which would tend by their language to make any other statute in this section ambiguous. They do not appear to conflict with each other. The Court has to assume that the Legislature used each word in the statute purposely. The Court would have to stretch to determine that Tennessee Code Annotated § 10-3-104 is capable of conveying more than one meaning. The word "all" is totally inclusive, clear and plain. The words "affairs of the Library" given its plain meaning, would include everything having to do with the operation of the Library. That statute provides for no exclusions, or actions which are reserved to the appointing authority or anyone else.

Thus, the trial court found that statute was clear and unambiguous, and that it conferred upon the Board the authority to contract with a private entity for the management of the local library. On August 14, 2006, the trial court entered a final decree and judgment consistent with its letter opinion.[2] From this order, the County now appeals.

On appeal, the County argues that the trial court erred in its interpretation of section 10-3-104, because the statute does not specifically grant the Board the authority to contract with a private entity for the management of the Library. It argues that the purpose of the Board is to provide "active, hands-on management," and that the Board is not permitted to abdicate its responsibility by delegating it to a third party. The County contends that statutes such as section 10-3-104 are to be narrowly construed, and that any reasonable doubt concerning the existence of power in an entity such as the Board should be resolved against the grant of power. Finally, the County asserts that the Board does not have the authority to contractually bind the County.

The trial court's interpretation of a statute is purely a question of law, which we review *de novo*, with no presumption of correctness in the trial court's decision. ***Eastman Chem. Co. v. Johnson***, 151 S.W.3d 503, 506 (Tenn. 2004). In interpreting statutes, we must "ascertain and give effect to the intention and purpose of the legislature. Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." ***Id.*** at 507 (quotations and citations omitted). When the language of a statute is clear, we do not inquire into the reasonableness of the language; rather, we "presume that the legislature says in a statute what it means and means

---

[2]Subsequent to the entry of the final decree, the Board accepted a proposal submitted by a private entity, Library Systems and Services, LLC ("LSSI"), to manage the library. The County filed a motion to stay the proceedings, but the motion was denied. The County then sought a stay from this Court, and this motion was also denied.

in a statute what it says there." ***BellSouth Telecommunications, Inc. v. Greer***, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997).

From our review of the statutory language, we agree with the trial court that the language in section 10-3-104 is clear and that it confers upon the Board the power to contract with private entities for the management of the Library. The statute states that "[t]he board has the power to direct all the affairs of the library, including" certain enumerated tasks. It is difficult to imagine a grant of authority broader than the power to direct "all" of the Library's affairs. Moreover, the specific authority granted the Board in the statute permits it to appoint a librarian to operate the internal affairs of the Library and to hire other employees for the Library's operation. This implies that the Board may choose to contract with a private entity to provide such personnel, hopefully with some expertise, in the operations of the Library.

The County relies on a canon of statutory construction to the effect that the grant of power to local governmental authorities must be strictly construed (i.e., Dillon's Rule). This canon is inapplicable in this case because the language in the statute is clear and unambiguous.[3] ***See Southern Constructors, Inc. v. Loudon County Bd. of Edu.***, 58 S.W.3d 706, 710-13 (Tenn. 2001). The County also asserts that the Board was not granted the power to bind the County by entering into private contracts. This assertion is belied by the language of the statute. The statute specifically empowers the Board to hire employees, to enter into leases, and to hold and convey realty, powers which must necessarily include the authority to enter into contracts. Given that the Board is implicitly granted the power to contract and to direct all the affairs of the Library, we must agree with the trial court that the Board is also authorized to enter into private contracts for the management of the Library.

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Madison County, and its surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[3] The appellees argue that Dillon's Rule is not applicable to local library boards. We need not address that issue, because we have found that Dillon's Rule is inapplicable based on the fact that the language in the statute is clear and unambiguous.